JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ELIZABETH LOMELI, et al )
)
              Plaintiffs, ) No.  5:09-cv-01461-JLQ
)
  vs. ) MEMORANDUM; ORDER
) GRANTING PETITION FOR
CITY OF RIVERSIDE, et al, ) SETTLEMENT OF CLAIMS and
) FOR ENTRY OF JUDGMENT
              Defendants. )
_____ )

    Before the court is the Petition For Approval of Settlement of Claims (Dk. # 34) filed by Samer Habbas, attorney for the Plaintiffs.  The Petition seeks dismissal of all claims of all Plaintiffs with prejudice in exchange for the Defendants waiving any claims for costs or attorney fees against the Plaintiffs.

    Following the filing of the Petition this court entered its Order Re: Expert Report (Dk. # 35) requiring Mr. Habbas to file the written report of David Dusenberry, the Plaintiff's police practices expert. In response thereto Mr. Habbas, on January 20, 2011, filed a Petition For Approval of Settlement Claims (Dk. # 40) wherein he certified that it was executed on **November 16, 201*0*** at Irvine, California.  Obviously this date and year are incorrect.  While this instance might not be of great concern to a court if singular, such is not the case.  The court notes that this latest Petition, along with other pleadings filed by Mr. Habbas, have listed a completely incorrect case number of **CV07-1343SVW(CWx)** rather than the correct case number of 5:09-cv-01461-JLQ.  While Mr. Habbas is not of record in the 07 case that case is also a wrongful death 1983 case alleging violation of civil rights against a municipality.  This court can only assume that Mr. Habbas was consulting the pleadings in the 07 case, but then utilized that case

ORDER - 1

number in his filings in the matter *sub judice*.

The written report of Mr. Dusenberry (Dk. 42) is allegedly dated January 4, 2011 and is one page in length. However, a second and third page of this filing include the first portion of the January 4, 2011 Dusenberrry report but is dated **September 3, 2010**. There is no explanation as to these varying dates but the court is convinced that Mr. Dusenberry wrote his report on January 4, 2011. At a minimum the foregoing scrivener errors would indicate sloppy or even complete inattention by Mr. Habbas to the content of his pleadings and fail to meet the minimum standards of legal practice in this district.

Addressing the merits of the proposed dismissal of the Plaintiffs' claims in this matter, the court is impressed with the completeness, reasoning, and thoroughness of Mr. Dusenberry's review of the events in this matter. Based upon the facts of this matter, the court agrees with the conclusion of Mr. Dusenberry that a jury would return a verdict for the Defendants despite what appears to be possible negligent treatment of the decedent after he had been tasered.

By reason of the foregoing thereof, the court Grants the Petition For Settlement of Claims (Dk. # 34). This matter and the complaint and claims therein against all Defendants shall be dismissed with prejudice without costs or attorney fees to any party hereto. Mr. Habbas shall furnish Mr. Dusenberry with a copy of this Order.

The Clerk shall enter this Order, enter judgment dismissing the complaint and the claims therein against all Defendants with prejudice without costs or attorney fees to any party, furnish copies to counsel, and close this file.

Dated this 25th day of January, 2011.

      s/ Justin L. Quackenbush
      JUSTIN L. QUACKENBUSH
      SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2